UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSHUA LAINE,<br><br>    Defendant. | Case No. 25-cv-03021-SI<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND REMANDING CASE TO SUPERIOR COURT OF SAN JOAQUIN COUNTY**<br><br>Re: Dkt. No. 2 |

On April 2, 2025, defendant Joshua Laine filed a notice of removal of a criminal case filed against him in the Superior Court for the County of San Joaquin. The second amended consolidated criminal complaint attached to the notice of removal states that this is a domestic violence case and that Laine is charged with one count of violating California Penal Code § 653m(a) for making annoying/obscene/threatening phone calls, and one count of violating California Penal Code § 166(a)(4) for disobeying a court order. The notice of removal states that Laine is representing himself. Laine has also filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Court finds that Laine is unable to pay the filing fee and GRANTS the application to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 1455(b)(4), this Court must "examine the notice [of removal] promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."

The Court has reviewed Laine's filings and concludes that summary remand is appropriate. As an initial matter, Laine's notice of removal is untimely. 28 U.S.C. § 1455(b)(1) provides,

> A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is

earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

28 U.S.C. § 1455(b)(1). According to the publicly available docket for Laine's criminal case, Laine has been arraigned four times in this case, most recently on September 19, 2024, when he was arraigned on the amended complaint. Assuming without deciding that the most recent arraignment date is the appropriate date to use for purposes of calculating timeliness of removal, Laine filed the notice of removal on April 2, 2025 –186 days after his last arraignment. The Court does not find good cause to extend the time for removal.

Further, even if the removal had been timely filed, this Court lacks subject matter jurisdiction over this criminal case. A defendant may remove a state court criminal case only under limited circumstances set forth in 28 U.S.C. §§ 1442, 1442a, and 1443.[1] The notice of removal asserts that removal was proper under 28 U.S.C. § 1443. Section 1443 permits removal in a "narrow" class of cases involving defendants "who claim federal secured rights as a defense to a state prosecution." *People of State of Cal. v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970) (per curiam). In order to remove a state criminal case pursuant to Section 1443(1), a defendant must meet two criteria: (1) "the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights[;]" and (2) "petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.* "Bad experiences with the particular court in question will not suffice." *Id.*[2]

Laine has not met these criteria. Laine has not identified any state law or constitutional provision that denies him the right to raise a federal right in state court, nor does he claim that his

---

[1] Section 1442 permits removal of certain cases by federal officers, and Section 1442a allows removal of certain cases by members of the United States armed forces who are prosecuted "on account of an act done under color of his office or status, or in respect to which he claims any right, title or authority under a law of the United States respecting the armed forces . . . or under the law of war . . . ." Laine is not a federal officer nor is he being prosecuted on account of any acts taken while as a member of the United States armed forces.

[2] Section 1443(2) authorizes removal by federal officers or agents "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." Because Laine is not a federal officer, this section does not apply.

2

racial civil rights have been violated. Instead, Laine claims that his First Amendment rights have been violated; that he has been deprived of evidence and discovery and fair hearings; that the prosecution has engaged in witness and evidence tampering; that the judges have engaged in misconduct and retaliation; and that there has been obstruction of "familial association."

Laine also asserts that this case is removable on the basis of federal question and diversity jurisdiction. However, those bases of removal jurisdiction only apply to civil cases. *See* 28 U.S.C. § 1441.

Accordingly, the Clerk shall remand this case to the Superior Court for the County of San Joaquin and close the file.

**IT IS SO ORDERED**.

Dated: April 8, 2025

_____
SUSAN ILLSTON
United States District Judge

3